**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

FORT LAUDERDALE DIVISION

**Case No.: _____**

**GREENLIGHT CAPITAL, L.L.C and**
**GREENLIGHT CAPITAL, INC.**

       **Plaintiffs,**

**v.**                                                                      **JURY TRIAL DEMANDED**

**GREEN LIGHT EQUITY PARTNERS,**
**LLC,**

       **Defendant.**

_____/

**COMPLAINT**

    Plaintiffs Greenlight Capital, L.L.C. and Greenlight Capital, Inc. ("Greenlight Capital" or "Plaintiffs") file this Complaint for trademark infringement and related causes of action against Defendant Green Light Equity Partners LLC ("Defendant") and respectfully states as follows:

**THE PARTIES**

    1.    Plaintiff Greenlight Capital, L.L.C. is a limited liability company with its corporate headquarters located at 140 East 45th Street, 24th Floor, New York, NY 10017.

    2.    Plaintiff Greenlight Capital, Inc. is a Delaware corporation with its corporate headquarters located at 140 East 45th Street, 24th Floor, New York, NY 10017.

    3.    Defendant Green Light Equity Partners, LLC has a principal place of business at 2900 North Military Trail, Suite 107, Boca Raton, FL 33431. Defendant can be served through Joseph Toro, its registered agent, at 2900 North Military Trail, Suite 107, Boca Raton, FL 33431.

## JURISDICTION AND VENUE

4.      This court has jurisdiction over the subject matter under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).  This Court has supplemental jurisdiction over claims arising under state law under 28 U.S.C. §§ 1338(b) and 1367(a).

5.      This Court has personal jurisdiction over Defendant.  Defendant has conducted and does conduct business within the State of Florida and, more particularly, within the Southern District of Florida.  Defendant has committed the tort of trademark infringement within the State of Florida and, more particularly, within the Southern District of Florida.

6.      Venue is proper in this District under 28 U.S.C. § 1391 because Defendant is a corporation and is subject to personal jurisdiction in this District, and because a substantial portion of the acts and omissions complained of herein occurred in this District.

## NATURE OF DISPUTE

7.      In this action, Greenlight Capital seeks permanent injunctive relief and damages for acts of federal and common law trademark infringement and unfair competition engaged in by Defendant in violation of the laws of the United States and of the State of Florida.

8.      Greenlight Capital is a provider of investment advisory and investment management services across the United States and the rest of the world.

9.      Greenlight Capital, Inc. owns U.S. federal trademark Registration No. 2,231,494 for the mark "GREENLIGHT CAPITAL, INC." and U.S. federal trademark Registration No. 3,062,353 for the mark "GREENLIGHT," both used in connection with the Greenlight Capital services in International Class 36 (the "Registered Marks").

10.     The GREENLIGHT CAPITAL, INC.® mark was registered March 16, 1999 and has been in continuous and broad-based use in interstate commerce for over 10 years.  Because of this continued use, and according to 15 U.S.C. § 1065, the GREENLIGHT CAPITAL, INC.®

mark registration has become incontestable. A true and correct copy of Registration No. 2,231,494 is attached as Exhibit A.

11.     The GREENLIGHT® mark was registered February 28, 2006 and has been in continuous and broad-based use in interstate commerce for at least 5 years.  Because of this continued use, and according to 15 U.S.C. § 1065, the GREENLIGHT® mark registration has become incontestable.  A true and correct copy of Registration No. 3,062,353 is attached as Exhibit B.

12.     Greenlight Capital, Inc. is the exclusive owner of the Registered Marks.

13.     Greenlight Capital has engaged in extensive use of these Registered Marks in connection with its services and, as such, the Registered Marks have become associated in the broad based investment and financial community with investment related services as emanating from Greenlight Capital.

14.     Defendant publishes a website at  comprising at least one mark that violates the federally registered trademark rights of Greenlight Capital.  Defendant's website promotes, displays and advertises on each page the mark "GREEN LIGHT" (the "infringing mark"). Exhibit C.  Defendant uses the infringing mark to promote the same type of services as Plaintiff's Registered Marks are used in connection with, investment related services such as "investment management." Exhibit D.  Defendant further touts on its "About Us" that its "investment management" services include "Portfolio Company Selection" and providing a wide variety of industries with "financing, strategic advice, and consultancy services." *Id.*

15.     Defendant was provided notice of Greenlight Capital's Registered Marks and Defendant's infringing use of those marks in a letter dated March 7, 2013.  In spite of this notice, Defendant continues to use the Registered Marks to Greenlight's detriment.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT – REGISTRATION NO. 2,231,494

### (15 U.S.C. § 1114)

16.    Greenlight Capital repeats and realleges the allegations of paragraphs 1 through 15 as if fully set forth herein.

17.    Defendant is using the GREENLIGHT CAPITAL, INC.® mark in commerce in connection with the sale, offering for sale, distribution, or advertising of investment advisory and investment management services.

18.    Defendant's acts are likely to cause confusion, mistake, or deception because Defendant's mark is confusingly similar to the GREENLIGHT CAPITAL, INC.® mark.  Further, Defendant uses its infringing mark in connection with services that are within the same channels of trade as Greenlight Capital's services.  Therefore, consumers are likely to incorrectly conclude that Defendant and/or its services are sponsored, affiliated, connected, or associated with Greenlight Capital and/or the services of Greenlight Capital.

19.    Defendant's use of the infringing mark is without authorization or license from Greenlight Capital.

20.    As a result of Defendant's actions, Greenlight Capital has sustained and will continue to sustain irreparable harm to its valuable goodwill and reputation established in connection with the use and promotion of the GREENLIGHT CAPITAL, INC.® mark, as well as causing Plaintiffs to suffer damages, such as a loss of profits;. Defendant has benefited from the improper association of its website and its services with Greenlight Capital, and members of the public are likely to be confused, misled, and deceived.

21.    Defendant's actions are willful and wanton, and/or are in reckless disregard for the rights of Greenlight Capital in the GREENLIGHT CAPITAL, INC.® mark.

22.     In the alternative, Defendant's actions are negligent.

23.     Unless restrained and enjoined, Defendant is likely to continue to engage in infringing acts, causing Greenlight Capital irreparable harm and damages as detailed above. Greenlight Capital is entitled to injunctive relief, profits, and damages.

## COUNT II – FEDERAL TRADEMARK INFRINGEMENT – REGISTRATION NO. 3,062,353

### (15 U.S.C. § 1114)

24.     Greenlight Capital repeats and realleges the allegations of paragraphs 1 through 15 as if fully set forth herein.

25.     Defendant is using the GREENLIGHT® mark in commerce in connection with the sale, offering for sale, distribution, or advertising of investment advisory and investment management services.

26.     Defendant's acts are likely to cause confusion, mistake, or deception because Defendant's mark is confusingly similar to the GREENLIGHT® mark.  Further, Defendant uses its infringing mark in connection with services that are within the same channels of trade as Greenlight Capital's services.  Therefore, consumers are likely to incorrectly conclude that Defendant or its services are affiliated, connected, or associated with Greenlight Capital or the services of Greenlight Capital.

27.     Defendant's use of the infringing mark is without authorization or license from Greenlight Capital.

28.     As a result of Defendant's actions, Greenlight Capital has sustained and will continue to sustain irreparable harm to its valuable goodwill and reputation established in connection with the use and promotion of the GREENLIGHT® mark, as well as causing Plaintiffs to suffer damages, such as a loss of profits.  Defendant has benefited from the improper

association of its website and its services with Greenlight Capital, and members of the public are likely to be confused, misled, and deceived.

29.     Defendant's actions are willful and wanton, or are in reckless disregard for the rights of Greenlight Capital in the GREENLIGHT® mark.

30.     In the alternative, Defendant's actions are negligent.

31.     Unless restrained and enjoined, Defendant is likely to continue to engage in infringing acts, causing Greenlight Capital irreparable harm and damages as detailed above. Greenlight Capital is entitled to injunctive relief, profits, and damages.

## COUNT III – COMMON LAW UNFAIR COMPETITION

32.     Greenlight Capital repeats and realleges the allegations of paragraphs 1 through 15 as if fully set forth herein.

33.     As a result of the care and skill exercised by Greenlight Capital in the conduct of its business, particularly in maintaining high-quality services, the services offered under the Registered Marks have acquired a reputation for high-quality and dependability.  As a result of these efforts by Greenlight Capital, consumers recognize that the Registered Marks exclusively identify Greenlight Capital's services.  The Registered Marks are widely known and symbolizes the goodwill that Greenlight Capital has created by providing high-quality services.

34.     Despite Defendant's knowledge of the Registered Marks, Defendant used the infringing mark in connection with services used in investment advisory and investment management, without leave or license from Greenlight Capital.  Such conduct constitutes misappropriation, unfair competition, and infringement and is likely to cause confusion, mistake, or deception because Defendant's infringing mark is confusingly similar to Greenlight Capital's Registered Marks and is used in substantially the same channels of trade as the ones Greenlight Capital provides services in.  Consumers that encounter Defendant's use of the infringing mark

are likely to incorrectly conclude that Defendant and/or its products are affiliated, connected, or associated with Greenlight Capital and/or Greenlight Capital's services.

35.     As a result of Defendant's actions, Greenlight Capital has sustained and will continue to sustain irreparable harm to its valuable goodwill and reputation established in connection with the use and promotion of the Registered Mark, as well as causing Plaintiffs to suffer damages, such as a loss of profits.  Defendant has benefited from its improper association between Defendant and Greenlight Capital, and members of the public are likely to be confused, misled, or deceived.

36.     Defendant's actions are willful and wanton, and/or are in reckless disregard for the rights of Greenlight Capital in the Registered Marks.

37.     In the alternative, Defendant's actions are negligent.

38.     Unless restrained and enjoined, Defendant is likely to continue to engage in unfair acts, causing Greenlight Capital irreparable harm and damage as detailed above. Greenlight Capital is entitled to injunctive relief and damages.

## COUNT IV – COMMON LAW TRADEMARK INFRINGEMENT

39.     Greenlight Capital repeats and realleges the allegations of paragraphs 1 through 15 as if fully set forth herein.

40.     Defendant's use of the infringing mark(s), which is confusingly similar to the Registered Marks constitutes trademark infringement in violation of the common law.

41.     As a result of the Defendant's actions, Greenlight Capital has sustained and will continue to sustain irreparable harm to its valuable goodwill and reputation established in connection with the use and promotion of the Registered Marks, as well as causing Plaintiffs to suffer damages, such as a loss of profits.  Defendant has benefited from an improper association

between Defendant and Greenlight Capital, and members of the public are likely to be confused, misled, or deceived.

42.     Defendant's actions are willful and wanton, and/or are in reckless disregard for the rights of Greenlight Capital in the registered mark.

43.     In the alternative, Defendant's actions are negligent.

44.     Unless restrained and enjoined, Defendant is likely to continue to engage in common law trademark infringement, causing Greenlight Capital irreparable damage as detailed above.  Greenlight Capital is entitled to injunctive relief and damages.

**JURY DEMAND**

45.     Greenlight Capital hereby requests a jury trial on all issues and claims so triable.

**PRAYER**

WHEREFORE, Greenlight Capital respectfully requests that this Court:

a.  order that the infringing mark is confusingly similar to the GREENLIGHT CAPITAL, INC.® mark;

b.  order that the infringing mark is confusingly similar to the GREENLIGHT® mark;

c.  issue a permanent injunction enjoining Defendant from using any mark comprising the GREENLIGHT CAPITAL, INC.® mark, GREENLIGHT® mark, and/or any other variation of terms or designs that are confusingly similar to Greenlight Capital's Registered Marks;

d.  order that Defendant be required to deliver up for destruction or, alternatively, to obliterate all infringing marks on its premises and its entire inventory of infringing items, including, but not limited to, all products, signs, calendars, advertisements, computer programs and listings, literature, correspondence, letterhead, invoices, and catalogs, or any other material in Defendant's possession bearing the GREENLIGHT CAPITAL, INC.® mark, GREENLIGHT®

mark, and/or any other mark similar thereto, including the GREENLIGHT CAPITAL, INC.® mark or GREENLIGHT® mark;

e.   order that Defendant be required to remove from its website and, going forward, refrain from using on its website all infringing marks bearing the GREENLIGHT CAPITAL, INC.® mark, GREENLIGHT® mark, and/or any other mark similar thereto, including the GREENLIGHT CAPITAL, INC.® mark or GREENLIGHT® mark;

f.   order that Defendant post a conspicuous notice in each of its places of business stating that Defendant is not affiliated, associated, or otherwise connected with Greenlight Capital;

g.   order that Defendant contact each customer for whom Defendant's records show to have used Defendant's products and/or services and notify such persons that Defendant is not associated, affiliated, or otherwise connected with Greenlight Capital;

h.   order that Defendant be required, within thirty (30) days after service on Defendant of any injunction, to file with the Court and serve on Greenlight Capital a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

i.   order that upon ten (10) days' notice, for the next five years, Greenlight Capital be permitted to inspect and audit Defendant's premises, inventory, and all business records to determine compliance with the injunction issued by the Court;

j.   order that Defendant be required, within thirty (30) days after service on Defendant of any injunction, to file a change of corporate name with the State of Florida and any other state where it is registered to do business changing its name from Green Light Equity Partners, L.L.C. to a new name that is not confusingly similar to the GREENLIGHT CAPITAL, INC.® mark or

GREENLIGHT® mark, and/or any other mark similar thereto, including any name that comprises or contains "GREENLIGHT" "GREEN LIGHT";

     k.  award all damages sustained and proved by Greenlight Capital and profits realized by Defendant by reason of Defendant's unlawful acts alleged herein, and that the damages and profits be increased as provided by law and trebled for the willfulness of Defendant's acts pursuant to 15 U.S.C. § 1117(a);

     l.  award any additional exemplary and punitive damages based on Defendant's willful conduct and such other acts as may justify an award of exemplary or punitive damages;

     m. award any and all reasonable attorney's fees and costs incurred in this action, including fees and costs recoverable pursuant to 15 U.S.C. § 1117(a); and

     n.  award any and all other and further relief, in law and in equity, as this Court deems just and equitable.

Dated: July 25, 2013                    Respectfully submitted,

                              By:  /s  *Susan J. Latham*

James A. Gale / Fla. Bar No.
E-mail: JGale@FeldmanGale.com
Susan J. Latham / Fla. Bar No. 687391
E-mail: SLatham@FeldmanGale.com
**FELDMAN GALE, P.A.**
One Biscayne Tower, 30th Floor
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305-358-5001
Facsimile: 305-358-3309

*Local Counsel*

*And*

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Sanford E. Warren, Jr. (Lead Attorney)
Texas State Bar No. 20888690
E-mail: swarren@akingump.com
Ronald Scott Rhoades

Texas State Bar No. 90001757
E-mail: srhoades@akingump.com
Steven Udick
Texas State Bar No. 24079884
E-mail: sjudick@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas  75201
Telephone: 214.969.2800
Facsimile:  214.969.4343

**ATTORNEYS FOR PLAINTIFFS**